PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2009 Scion TC struck a raised drain cover on MacCorkle Avenue in Charleston, Kanawha County. MacCorkle Avenue, designated as State Route 60, is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 1:30 p.m. on July 9, 2009. State Route 60 is a four-lane road with two lanes traveling in each direction. The speed limit is thirty-five miles per hour. Claimant testified that she was traveling westbound towards St. Albans at approximately thirty-five miles per hour when her vehicle struck a drain cover that was raised approximately six inches above the pavement. The road had been milled at this location. Claimant had not traveled on this road for approximately one or two months prior to this incident, and she did not encounter the raised drain cover on a prior occasion. Claimant further stated that she was unable to avoid this hazard due to traffic. As a result, Claimant’s vehicle sustained damage to its tire and rim in the amount of $557.46. Since Claimant’s insurance deductible was $500.00, Claimant’s recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the condition on State Route 60 at the time of the incident. Barbara Engelhardt, Highway Administrator II for Respondent, testified that she is familiar with the area where Claimant’s incident occurred. She stated that West Virginia Paving had milled the road before it was paved. Ms. Engelhardt stated that there were several “Bump Ahead” signs that were placed at this location by West Virginia Paving. She further stated that West Virginia Paving agreed to hold Respondent harmless under the contract.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins *113 v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chap man v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the raised drain cover which Claimant’s vehicle struck and that it presented a hazard to the traveling public. The Court finds respondent negligent, and Claimant may malee a recovery for the damage to her vehicle. The Court is aware that Respondent had a hold-harmless agreement with a third-party contractor. Thus, Respondent may seek to be reimbursed for any damages for which it is found responsible.
Award of $500.00.